**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARLO DONATO,** | : | |
| Petitioner, | : | CIVIL ACTION NO. 1:12-0618 |
| v. | : | (RAMBO, D.J.) |
| | | (MANNION, M.J.) |
| **WARDEN OF UNITED STATES PENITENTIARY ALLENWOOD, PA and UNITED STATES ATTORNEY GENERAL,** | : : | |
| Respondents | : | |
| | : | |

# REPORT AND RECOMMENDATION[1]

On April 4, 2012, the petitioner, an inmate at the Federal Corrections Complex at Allenwood, Pennsylvania, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). Despite opportunities to recharacterize the petition as a §2255 petition, the petitioner has elected to proceed under §2241 and upon preliminary consideration, the court recommends that the case be **DISMISSED**.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

## I. BACKGROUND

The petitioner alleges various failures related to infective counsel during his trial and conviction before the United States District Court for the Eastern District of New York in 1996. (Doc. No. 14). In particular, the petitioner claims that he was not provided an interpreter, so was unable to understand much of the proceeding; that his counsel improperly waived the petitioner's right to testify; and, that he was never put in contact with the Italian consulate pursuant to the Vienna Convention on Consular Relations ("VCCR"). (Id.).

On May 15, 2012, the court entered an order granting the petitioner's motion to proceed in forma pauperis and directing the petitioner to file a notice of election. (Doc. No. 6). Rather than file a notice of election, the petitioner filed a motion for leave to amend his original petition. In addition, the petitioner filed a "Memorandum in Support of Motion to Amend Complaint," (Doc. No. 8), an document containing amended pages and sections of his petition, (Doc. No. 9), and an incomplete notice of election form which he claimed was not applicable, (Doc. No. 12). On August 7, 2012, the court granted the petitioner's motion to amend and directed him to file a final petition raising all claims and clearly identifying whether he wished to proceeded pursuant to §2241 or §2255, (Doc. No. 13). On September 4,

2

2012, the petitioner filed an amended petition pursuant to 28 U.S.C. §2241, (Doc. No. 14), as well as a brief supplement, (Doc. No. 15).

## II.     DISCUSSION

The petition will be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2255 cases, as made applicable to §2241 cases by Rule 1 thereof. See 28 U.S.C. foll. §2255.

An application for a writ of habeas corpus on behalf of a prisoner, who is authorized to apply for relief by a motion pursuant to §2255, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by way of a §2255 motion is inadequate or ineffective to test the legality of his detention.

To be able to bring a §2241 petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of §2255, *i.e.*, that the remedy by a §2255 motion is inadequate or ineffective to test the legality of his detention. The safety-valve language in §2255 has been strictly construed. *See Application of Galante*, 437 F.2d 1164, 1165-66 (3d Cir. 1971) (unfavorable legal standards prevailing in circuit where sentencing court

located does not render §2255 remedy inadequate or ineffective); *Millan-Diaz v. Parker*, 444 F.2d 95, 97 (3d Cir. 1971)(doubts about the administration of a §2255 motion in particular does not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir.1954)(even if the sentencing court incorrectly disposes of a proper motion under §2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition).

A §2255 motion is "inadequate or ineffective" only where a prisoner demonstrates "that some limitation of scope or procedure would prevent a §2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir.1971)(per curiam)(*quoting United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See id.*; *Cagle v. Ciccone,* 368 F.2d 183, 184 (8th Cir.1966). It is the inefficacy of the remedy, not the personal inability of the petitioner to utilize it, that is determinative. *Garris v. Lindsay,* 794 F.2d 722, 727 (D.C.Cir.1986). Courts have consistently held that a prior unsuccessful motion to vacate sentence does not render the remedy inadequate or ineffective. *In re Vial,* 115 F.3d 1192 (4th Cir.1997)(stating the remedy afforded by §2255 is not rendered

4

inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a §2255 motion). Moreover, "[§]2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir.2002).

Here, the petitioner clearly states that he previously challenged his conviction and sentence under §2255 in March of 1998. (Doc. No. 14 at 2). He further states that the district court denied his petition; however, on appeal his sentence was recalculated. (Id. at 3). On September 24, 2006, the petitioner filed a motion for a writ of habeas corpus pursuant to §2241. (Id.). The United States District Court for the Eastern District of New York characterized the filing as a successive §2255 petition and denied the petition. (Id.). The Second Circuit Court of Appeals denied the petitioner's subsequent appeal. (Id. at 4).

The petitioner has indicated to the court that he wishes to proceed pursuant to §2241. Nevertheless, the petitioner is attacking the conduct of his criminal trial, which must be brought pursuant to §2255. In particular, the petitioner directly challenges his trial by claiming that his attorney was

5

ineffective and that he did not fully understand the criminal proceeding because he does not speak English. The petitioner also claims that his right to contact the Italian consulate under the VCCR was violated. The petitioner claims that this type of violation is properly considered under §2241. The Third Circuit has held, however, that raising a VCCR claim in a §2241 petition at this stage is "nothing more than an attempt to circumvent the gatekeeping provisions of §2255." *McKoy v. Apker*, 156 Fed.Appx. 494 (3d Cir.2005).

Therefore, regardless of whether the plaintiff is rasing these challenges for the first time or indeed raised them before the Eastern District of New York, the claims raised in the instant petition constitute a challenge to his conviction and sentence which must be brought under §2255. Cursory review of the record indicates the petitioner is barred from bringing another such attack. As discussed above, though the petitioner may be individually barred, the proper remedy for these claims exists under §2255. As such, the petitioner cannot proceed pursuant to §2241 because he has not satisfied the safety-valve condition by demonstrating that no adequate or effective remedy exists. As such, the court recommends that the §2241 petition be dismissed.

**THEREFORE, THE COURT HEREBY RECOMMENDS, THAT:**

The amended petition for writ of habeas corpus pursuant to 42 U.S.C. §2241, (Doc. No. 14), be **DISMISSED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date**: November 15, 2012
O:\shared\REPORTS\2012 Reports\12-0618-01.wpd